**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-4434
_____

UNITED STATES OF AMERICA

v.

JASON SHEPPARD,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2-13-cr-00278-001)
District Judge: The Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 26, 2017
_____

Before: SMITH, *Chief Judge*, McKEE and RESTREPO, *Circuit Judges*.

(Filed: October 24, 2017)

_____

OPINION*
_____

McKEE, *Circuit Judge*.

   Jason Sheppard appeals the sentence imposed by the District Court following his

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

guilty plea to one count of mail fraud in violation of 18 U.S.C. § 1341. Sheppard argues that: 1) his criminal history category overstated the seriousness of his criminal history and his likelihood of recidivism; and 2) the District Court erred by declining to grant him a downward departure or variance under U.S.S.G. § 5G1.3. However, we decline to reach the merits of Sheppard's appeal because his plea agreement contained an appellate waiver.

## I.[1]

As noted, Sheppard's plea agreement contained a waiver of his appellate rights by which he agreed to waive his right to appeal his conviction or sentence subject to three exceptions which do not apply and which he does not now assert. Rather than assert that one or more of the exceptions to the appellate waiver apply, Sheppard refuses to discuss the applicability of the waiver in his opening brief because the government "has not invoked the waiver."[2]

However, we have never held that the Government must affirmatively assert an appellate waiver in a motion before we will enforce it according to its terms. It is not disputed that Sheppard reviewed the plea agreement containing the waiver with his counsel and then knowingly plead guilty. Moreover, the District Court thoroughly fulfilled its obligations under Federal Rule of Criminal Procedure 11(b)(1)(N) and

---

[1] The District Court had subject matter jurisdiction over the case pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction over this matter under 28 U.S.C. § 1291, and has jurisdiction pursuant to 18 U.S.C. § 3742 to review the sentence imposed on the defendant.

[2] Appellant's Br. at 11.

ensured that Sheppard appreciated the effect of the appellate waiver by asking him to verify whether he understood the three exceptions contained therein.[3] He indicated that he did.[4] Accordingly, unless enforcing the waiver would result in a miscarriage of justice, it should be enforced as agreed to.[5]

We have reviewed the sentencing transcript and it is clear that enforcing the appellate waiver will not result in a miscarriage of justice. Our review of the record reveals no error on the part of the District Court that would have prejudiced Sheppard. Moreover, Sheppard agreed with the Government's description of his crimes[6] and, as discussed, knowingly and voluntarily signed the appellate waiver before pleading guilty to one count of mail fraud.

## II.

For the reasons set forth above, we dismiss Sheppard's appeal and affirm the judgment of the District Court.

---

[3] App. at 130–31A.

[4] *Id.*

[5] "Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001).

[6] App. at 136–37A.